UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

CP INVESTORS GROUP, LLC,           :
                   Plaintiff,    :
                                :        13 Civ. 05228 (LGS)
       -against-           :
                                :        OPINION AND ORDER
IRWIN JAY DEUTCH, *et al.*,        :
                  Defendants.  :
                                :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/3/14_

LORNA G. SCHOFIELD, District Judge:

      Plaintiff CP Investors Group, LLC ("CP Investors") brought this case to enforce its

settlement agreement with Defendants Irwin Jay Deutch, Century Pacific Holding Corporation

("Century Pacific") and CP Affordable Housing Value Fund I, LP ("CP Fund").  Defendants do

not dispute the existence of the agreement or their failure to make payments as the agreement

requires.  Defendants do question this Court's subject matter jurisdiction, which is based on the

parties' diversity of citizenship.  Based on the undisputed facts, Plaintiff moves for summary

judgment on the merits.  Defendants cross-move to obtain discovery on the jurisdictional issue.

Because Plaintiff has submitted evidence sufficient to establish diversity of citizenship, and

because the underlying facts are undisputed, Defendants' Cross-Motion for Discovery is denied,

and Plaintiff's Motion for Summary Judgment to enforce the settlement agreement is granted.

**BACKGROUND**

      The following facts are taken from the Complaint, Plaintiff's Rule 56.1 Statement of

Undisputed Facts, Defendants' Counter-Statement and exhibits accompanying the parties'

submissions.

      Plaintiff CP Investors is a limited liability company with 11 members, all of whom are

natural persons.  The Complaint alleges that each member is a citizen of either New York or

New Jersey.  Their membership interests in CP Investors have never been assigned or transferred to any other person or entity.

Defendant Deutch is a citizen of California.  Defendant Century Pacific is a Delaware corporation with its principal place of business in California.  Defendant CP Fund is a limited partnership, the partners of which are citizens of either California or Delaware.

On March 6, 2012, Plaintiff entered into an agreement with Defendants to settle certain claims that Plaintiff believed it had against Defendants.  The agreement ("Settlement Agreement") provides, in relevant part:

1.   Payment Obligations.

(a)   Notwithstanding anything to the contrary contained in any agreement, instrument or document, or otherwise, including without limitation the Limited Partnership Agreement . . . of [CP Fund] ("LPA"), the parties hereto agree that the limited partnership interest in [CP Fund] is hereby redeemed by [CP Fund] in return for which (i) on June 30, 2013, [CP Investors] shall receive a payment equal to $412,500 in cash, plus interest accruing from and after the date hereof at the rate of 5% per annum ("First Payment") and (ii) on January 15, 2015, [CP Investors] shall receive a payment equal to $1,237,500 in cash, plus interest accruing from and after the date hereof at the rate of 5% per annum ("Second Payment" and collectively with the First Payment, the "Payments"). . . .

(b)   In the first instance, the First Payment and the Second Payment shall be payable by [CP Fund]; provided that in the event [CP Fund] does not make a First Payment or the Second Payment for any reason whatsoever within 10 calendar days of each period contemplated in clause (a) above, [Century Pacific] shall make such payment immediately; provided, further, that in the event neither [CP Fund] nor [Century Pacific] has made a First Payment or the Second Payment for any reason whatsoever as contemplated above, Irwin Deutch shall make such Payment immediately. . . .

2.   Certain Actions.  Notwithstanding the LPA or any other document, neither Irwin Deutch, nor [Century Pacific], shall take any action with the design or probable effect of affecting the rights or obligations of [CP Investors]. . . .

2

. . .

13. <u>Fees and Expenses</u>.   . . . [I]n the event of litigation stemming from enforcement of rights hereunder, the losing party shall be responsible for the payment of legal fees of the prevailing party.

Pursuant to the Settlement Agreement, the First Payment was due on June 30, 2013. Defendant CP Fund was required to make the Payments in the first instance; failing that, Defendant Century Pacific was required to make the Payments; and failing that, Defendant Deutch was required to make the Payments.  On May 31, 2013, Plaintiff provided an account designation to Defendants to facilitate the wire transfer of the First Payment – $412,500 plus interest, or $439,680.  On June 17, 2013, Plaintiff again provided the account designation to Defendants, and asked that Defendants notify Plaintiff with respect to any disagreements on the requested amount.  Defendants did not indicate any such disagreement.  On June 18, 2013, Plaintiff again provided the account designation to Defendants, and asked Defendant CP Fund to make the First Payment on June 30, 2013, or the next business day.

Defendant CP Fund failed to make the First Payment.  On July 2, 2013, Plaintiff sent Defendants a Notice of Material Breach of Agreement, notifying them of their breach of the Settlement Agreement and demanding the First Payment.  To date, none of Defendants have made any of the Payments.

On July 26, 2013, Plaintiff commenced the instant suit against Defendants, claiming that Defendants' breach of the Settlement Agreement caused Plaintiff harm and seeking damages, interest, fees and costs.  On October 15, 2013, Plaintiff filed its Motion for Summary Judgment, seeking judgment against Defendants jointly and severally in the amount of $439,680 plus interest, fees, and costs.  On November 5, 2013, Defendants filed their Cross-Motion for Discovery.

## STANDARD

The standard for summary judgment is well established.  Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  *See id.* at 255.

## DISCUSSION

In their opposition to Plaintiff's motion, Defendants do not dispute any fact material to the substance of Plaintiff's claim, and indeed say so in their Counter-Statement to Plaintiff's alleged averments of undisputed fact.  Defendants contend only that the record does not establish subject matter jurisdiction and that the Court should allow Defendants to take discovery on that issue.

## I.    Subject Matter Jurisdiction

Defendants cross-move to take jurisdictional discovery under Rule 56(d) of the Federal Rules of Civil Procedure.  Rule 56(d) provides, in the context of summary judgment, that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P. 56(d)(2).  The Court's subject matter jurisdiction is evaluated below in the context of Rule 12(h)(3).  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

4

Rule 12(h)(3) is governed by the same standard as applied to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Doe v. F.D.I.C.*, No. 07 Civ. 9435, 2012 WL 642117 (S.D.N.Y. Feb. 27, 2012), *aff'd*, 545 F. App'x 6 (2d Cir. 2013); *Li v. Napolitano*, No. 08 Civ. 7353, 2009 WL 2358621 (S.D.N.Y. July 30, 2009).  Under Rule 12(b)(1), the plaintiff bears the burden of showing, by a preponderance of the evidence, that subject matter jurisdiction exists. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (citing *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)).  "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Id.* (alteration in original) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  "'[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id.* at 627 (alteration in original) (quoting *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999)).  "A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Id.* at 627 (internal quotation marks omitted).

Here, Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  To meet this requirement, there must be complete diversity – i.e., "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.  Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo*

*ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation and internal quotation marks omitted).  For diversity purposes, limited liability companies and limited partnerships are citizens of each state of which any of its members or partners, respectively, is a citizen.  *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Plaintiff is a limited liability company, and as such is domiciled in each state of which any of its members is a citizen.  With its motion papers, Plaintiff offered a declaration from Mr. Kirman, one of Plaintiff's members, stating that all members of Plaintiff are known to him and are each citizens of either New York or New Jersey.  Also, in response to Defendant Deutch's declaration that "[t]he Court has no jurisdiction over this matter if any of the Plaintiff's members are citizens . . . of Delaware or California" and Defendants' argument in their Opposition that Mr. Kirman's declaration is insufficient to establish Plaintiff's citizenship, Plaintiff submitted with its Reply declarations from each of Plaintiff's 11 individual members stating (i) that they are domiciliaries of New York or New Jersey, (ii) that they are the only members of Plaintiff, and (iii) that their respective interests in Plaintiff have "never been assigned or transferred to any other persons or entity."  All declarations by Plaintiff's members were made pursuant to 28 U.S.C. § 1746, under the penalty of perjury.

In light of the foregoing, the Court finds that Plaintiff is a domiciliary of New York and New Jersey.  *See Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 267 (S.D.N.Y. 1962) (finding an affidavit to be "sufficient to discharge the [litigant's] burden of proof that the court has jurisdiction on the basis of the diversity of citizenship of the parties").  Defendants are domiciliaries of California and Delaware.  Consequently, diversity of citizenship exists between Plaintiff and Defendants.  There is no dispute that the amount-in-controversy threshold has been exceeded, as the Settlement Agreement provides for a First Payment of $412,500 plus interest.

Thus, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Defendants argue that there is ambiguity as to whether Plaintiff continues to be a limited partner in Defendant CP Fund, in which case Defendant CP Fund would also be a citizen of New York and New Jersey, thereby destroying diversity. The Court, however, finds no such ambiguity. Section 1(a) of the Settlement Agreement provides that "[n]otwithstanding anything to the contrary contained in any agreement, instrument or document, or otherwise, . . . the parties hereto agree that the limited partnership interest in [CP Fund] is hereby redeemed by [CP Fund]" in return for the two payments made on the agreed-upon dates. Thus, by the plain language of the Settlement Agreement, any limited partnership interest that Plaintiff may have held in Defendant CP Fund was terminated upon the execution of the Settlement Agreement on March 6, 2012. That fact is not contradicted by a generic reference to the "rights or obligations" of Plaintiff under § 2 of the Settlement Agreement, as Defendants argue.

**II.     Plaintiff's Claim**

As noted above, the facts underlying Plaintiff's claim are undisputed. Defendants' Counter-Statement does not contest any of the facts set forth in Plaintiff's Rule 56.1 Statement, and refers to a copy of the Settlement Agreement in its submissions that is identical to that submitted by Plaintiff. Pursuant to the Settlement Agreement, Defendants were obligated to make a payment of "$412,500 in cash, plus interest accruing from and after the date hereof at the rate of 5% per annum" on June 30, 2013. Defendants do not dispute that they have not made any payments under the Settlement Agreement. The Settlement Agreement further provides that "the losing party shall be responsible for the payment of legal fees for the prevailing party." In view of the foregoing undisputed evidence, the Court grants Plaintiff's motion for summary judgment.

**CONCLUSION**

      For the reasons discussed above, Defendants' Cross-Motion for Discovery is DENIED, and Plaintiff's Motion for Summary Judgment is GRANTED.  Plaintiff shall submit, if possible on consent of Defendants, a proposed final order and judgment by one week after the date of this order.

Dated: April 3, 2014
      New York, New York

                             LORNA G. SCHOFIELD
                         UNITED STATES DISTRICT JUDGE